**MUSICK, PEELER & GARRETT LLP**
624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

NATHAN O'MALLEY (State Bar No. 212193)
*n.omalley@musickpeeler.com*
SCOTT J. STREET (State Bar No. 258962)
*s.street@musickpeeler.com*

Attorneys for Plaintiff
TMCO, Ltd.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TMCO, LTD., a Bulgarian company,<br><br>Plaintiff,<br><br>vs.<br><br>MIKHAIL BRODSKY, an individual; TATYANA BRODSKY, an individual; LINCOLN UNIVERSITY, a California non-profit organization; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: __<br><br>**COMPLAINT FOR:**<br><br>**(1) Avoidance of Fraudulent Transfer (Actual Intent to Defraud, Cal. Civ. Code § 3439.04);**<br><br>**(2) Avoidance of Fraudulent Transfer (Constructive Fraud, Cal. Civ. Code § 3439.05);**<br><br>**(3) Conspiracy to Defraud; and**<br><br>**(4) Declaratory and Injunctive Relief.**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff TMCO, Ltd. ("TMCO"), alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. TMCO is a company organized under Bulgarian law whose principal place of business is in Veliko Tarnovo, Bulgaria.

2. Defendant Mikhail Brodsky is an individual who, on information and belief, lives in California, within this judicial district.

3. Defendant Tatyana Brodsky is an individual who, on information and belief, lives in California, within this judicial district.

4. Defendant Lincoln University is a non-profit organization organized under the laws of the State of California whose principal place of business is in Oakland, California, within this judicial district.

5. TMCO does not know the identity of all individuals who bear responsibility for the wrongful actions alleged in this case and therefore sues those defendants by fictitious names. TMCO will seek to amend this Complaint with the identity of these Doe defendants when it discovers them.

6. The Court has jurisdiction under 28 U.S.C. § 1332 as the parties reside in different countries and the amount in controversy exceeds $75,000. Moreover, the case arises out of a foreign arbitration that TMCO prevailed in against a third party, Green Light Energy Solutions R&D Corp. ("Green Light Corp."). A judge of this Court confirmed TMCO's arbitration award on November 14, 2017. Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2), as the Defendants reside in this judicial district and "a substantial part of the events or omissions giving rise to the claim occurred" here.

## FACTUAL ALLEGATIONS

7. In 2012, TMCO and Green Light Corp. entered into a contract for TMCO to produce and sell certain equipment parts to Green Light. TMCO produced the products but Green Light failed to take delivery or pay for the products.

8. In 2014, TMCO initiated a proceeding with the International Chamber

of Commerce's Court of Arbitration. In January 2016, the arbitrator issued an award in TMCO's favor and ordered Green Light to pay TMCO € 1,797968.23, plus $107,000.00, plus interest.

9. Green Light did not pay the award. In fact, it never had the ability to pay the award. TMCO learned much later that Green Light Corp. signed the contracts with TMCO based purely on its belief that a third party might materialize and purchase the equipment, compensating Green Light in the process. Therefore, in February 2017, TMCO filed a petition to confirm the arbitration award and enter judgment against Green Light Corp., which was based in San Francisco, in this Court, *TMCO, Ltd. v. Green Light Energy Solutions R&D Corp.*, U.S. District Court Case No. 3:17-cv-00997 (the "Green Light Case").

10. On November 14, 2017, Magistrate Judge Kandis A. Westmore granted TMCO's petition and ordered Green Light Corp. to pay the full amount of the arbitration award, plus interest. The court entered judgment the same day.

11. Still, Green Light refused to pay the judgment. TMCO therefore proceeded to enforce the judgment against Green Light Corp. using all available means. The court had to order Green Light Corp. to respond to discovery and ordered Green Light's owner, Alex Feerer, to appear for a judgment debtor examination in February 2018.

12. Mr. Feerer's examination took place over two days in February and November 2018. Between those dates he also produced some documents regarding Green Light Corp.'s corporate structure and business dealings but there was very little evidence that Green Light followed the typical corporate formalities. Moreover, it became clear that its business was completely intertwined with another Green Light entity, Green Light Energy Solutions, LLC ("Green Light LLC"). Based upon the evidence discovered, it became evident that both Green Light entities appeared to be fronts for Mr. Feerer himself as he regularly used corporate bank accounts to pay his and his family's personal expenses. Green Light did not

MUSICK, PEELER
& GARRETT LLP

1247782.1

2

Case No. __

COMPLAINT

produce this information willingly. TMCO had to go to court numerous times, conduct two in-person examinations of Mr. Feerer, and negotiate extensively with Feerer's counsel to obtain the requisite information.

13. On November 6, 2019, TMCO filed a motion in the Green Light Case to amend the judgment to include Mr. Feerer and Green Light LLC as judgment debtors based on the alter ego doctrine. The motion was set for a hearing on January 16, 2020, but was later rescheduled to January 30, 2020.

14. The scheduling of the hearing, combined with the extensive discovery and direct discussions with his counsel, meant that Feerer knew what was coming. In anticipation of the successful motion to amend the judgment, he cleared out all of Green Light Corp.'s bank accounts and threatened to put that company into bankruptcy. Now he also needed to get rid of his other assets, most notably his multi-million dollar penthouse near the San Francisco waterfront (the "Lombard Street Condo"), which was listed for $2.55 million at the time.

15. The Lombard Street Condo alone could have satisfied TMCO's judgment. But Feerer had to act quickly. That was a problem. The property had been on the market for years. How could Feerer transfer a multi-million dollar condo in two months—during the holidays, no less—without looking suspicious? The answer: turn to a friend.

16. Thus, on November 11, 2019, just five days after TMCO filed its motion to amend the judgment in the Green Light Case, Feerer and his wife entered into an agreement to sell the Lombard Street Condo to Mikhail Brodsky and his wife Tatyana. A true and correct copy of that agreement is attached to this Complaint as **Exhibit "A."**

17. Mr. Brodsky is the president of Lincoln University, a small school in Oakland. He is also a well-known property and business owner, the man who spent more than a decade creating the clothing-optional Russian bathhouse called "Archimedes Banya" in Bayview-Hunters Point. Brodsky made news in 2018 when

he sued to block the development of more than 1,500 homes near his bathhouse, claiming that the homes would block the spa's water view and deprive customers of "fresh air." Brodsky received $100,000 to settle that case. The builder paid an additional $100,000 to Lincoln University as part of the deal.

18. On information and belief, Feerer knew Brodsky socially and had turned to Brodsky several times since 2017 for money to pay his personal and business expenses. Between February 28, 2017, and October 8, 2019, Brodsky loaned Feerer $330,000. Lincoln University loaned Feerer an additional $850,000 during that time. At least one of the loans was made to Green Light Corp.

19. The Lincoln loans were secured by deeds of trust on the Lombard Street Condo which were recorded on October 18, 2017, and July 19, 2018. The Brodsky loans were not secured when made but Feerer subsequently gave Brodsky a deed of trust for $250,000, dated May 28, 2019, to secure the repayment of those loans.

20. On information and belief, there was no mortgage on the Lombard Street Condo as of November 11, 2019. Thus, even accounting for the Lincoln/Brodsky deeds, Feerer had at least $1 million of equity in the property—money that could be used to help satisfy TMCO's judgment.

21. But Feerer did not want TMCO to recover anything. He also wanted to preserve his chance to reclaim the Lombard Street Condo in the future. Thus, Feerer and Brodsky concocted a plan to have Brodsky and his wife "buy" the Lombard Street Condo for $2.2 million, as reflected in Exhibit A. On paper, the sales price was paid through a $1.54 million loan from CrossCountry Mortgage, LLC, plus $660,000 from the Brodskys. But, on information and belief, the Brodskys did not pay that money to Feerer. Instead, all $2.2 million was paid into an escrow account. Then, at closing, more than $900,000 of that money was disbursed from the escrow account to Brodsky to cover the outstanding balance of the Brodsky/Lincoln loans. The remaining funds have not been accounted for but, on information and belief,

they were deposited into an account for the benefit of Feerer and his family.

22. The Feerer/Brodsky "sale" was a fraud. Feerer concocted the fake sale to defraud TMCO, to prevent it from foreclosing on the Lombard Street Condo.

23. Indeed, the "sale" between Feerer and the Brodskys bears several badges of fraud. *First*, it came on the heels of TMCO moving (successfully) to add Feerer as a judgment debtor. *Second*, it was not an arms-length transaction but involved people who had preexisting social and financial relationships. *Third*, the sale agreement granted the Feerers unusual rights, including profit-sharing rights and "a nontransferable option to repurchase the subject property for $2,300,000 net to Buyers." *Fourth*, the Brodskys did not plan to live in the Lombard Street Condo or rent the property out. On information and belief, the property has been vacant for nearly a year. *Fifth*, the sale was rushed through and was specifically engineered to close before the court ruled on TMCO's motion to add Feerer as a judgment debtor.

24. On information and belief, the Brodskys knew, or reasonably should have known, that Feerer intended to transfer the Lombard Street Condo to them to avoid a pending judgment in TMCO's favor and prevent TMCO from foreclosing on the property. The Brodskys also knew, or reasonably should have known, that Feerer wanted them to collect the money they loaned Feerer before TMCO recovered anything. It is evident that the Brodskys did not take the Lombard Street Condo in good faith, as bona fide purchasers paying reasonably equivalent value for the property.

25. The Feerer/Brodsky "sale" was rushed through at the end of 2019 and closed on January 24, 2020.

26. Meanwhile, Feerer and Green Light LLC failed to respond to TMCO's motion to add them as judgment debtors in the Green Light Case. On February 3, 2020, the court granted the motion, finding it to be "unopposed."

27. On February 21, 2020, the Court entered an Abstract of Judgment with Mr. Feerer, Green Light Corp., and Green Light LLC all listed as judgment debtors

in the Green Light Case. A true and correct copy of the entered Abstract of Judgment is attached as **Exhibit "B."**

28. On March 11, 2020, TMCO recorded the Abstract of Judgment against the Lombard Street Condo. But it was too late. The Brodskys had the property now. It was only after that, during the summer of 2020, that TMCO discovered the fraudulent transfer of the property from Feerer to the Brodskys. Feerer, meanwhile, claims that he has no money left and will never be able to repay TMCO. Feerer believes that TMCO has plenty of money and should leave him alone.

29. That is not proper. Feerer is a businessman. He made a deal with TMCO and failed to uphold his end of the bargain. TMCO lost millions of dollars because of Feerer's actions. It deserves to be made whole. And it should not be prejudiced because Feerer also failed to pay his friend Brodsky back. Feerer does not get to decide which of his creditors collects first. TMCO had the senior debt. It was closing in, preparing to record the judgment against the Lombard Street Condo and force a sale of that property to satisfy its judgment. Feerer defrauded TMCO when, knowing that, he quickly transferred the property to the Brodskys.

30. TMCO brings this action to set aside the fraudulent transfer of the Lombard Street Condo from the Feerers to the Brodskys and to recover the related damages, costs and attorneys' fees it has incurred to unwind this fraudulent transaction.

## FIRST CAUSE OF ACTION
### (Avoidance of Fraudulent Transfer, Intentional Fraud under Cal. Civ. Code § 3439.04, against the Brodskys)

31. TMCO repeats and re-alleges the preceding paragraphs of this Complaint as though set forth fully herein.

32. As of November 14, 2017, TMCO held a judgment against Green Light Corp. As of that date, Green Light Corp. was insolvent. In fact, it had been insolvent for years. Feerer was, and always has been, the alter ego of Green Light Corp., as

was subsequently confirmed by the court in the Green Light Case through a motion that Feerer did not even oppose.

33. As of November 14, 2017, Green Light Corp had no assets to satisfy the judgment that was awarded in the Green Light Case. Feerer's most valuable asset was the Lombard Street Condo, which he had at least $1 million of equity in.

34. As alleged above, in January 2020, Feerer and his wife transferred the Lombard Street Condo to the Brodskys. The Feerers transferred the property to the Brodskys with the specific intent to defraud TMCO and to prevent TMCO from foreclosing on the property to satisfy the judgment that was issued in the Green Light Case, a judgment that TMCO had already moved to amend to include Feerer as the alter ego of Green Light Corp.

35. TMCO was damaged by the Feerers' fraudulent transfer of the Lombard Street Condo to the Brodskys as it has been unable to foreclose on that property to satisfy the judgment it obtained in the Green Light Case.

36. TMCO is entitled to an order avoiding the fraudulent transfer of the Lombard Street Condo from the Feerers to the Brodskys and is entitled to a lien on the property to preserve its interest in it.

37. TMCO is also entitled to injunctive relief and an attachment order to prevent the Brodskys from transferring the Lombard Street Condo during this action plus a reasonable amount of costs and attorneys' fees incurred to prosecute this action.

## SECOND CAUSE OF ACTION

**(Avoidance of Fraudulent Transfer, Constructive Fraud under Cal. Civ. Code §§ 3439.04 and 3439.05, against the Brodskys)**

38. TMCO repeats and re-alleges the preceding paragraphs of this Complaint as though set forth fully herein.

39. As of November 14, 2017, TMCO held a judgment against Green Light Corp. As of that date, Green Light Corp. was insolvent. In fact, it had been insolvent

for years. Feerer was, and always has been, the alter ego of Green Light Corp., as was subsequently confirmed by the court in the Green Light Case, through a motion that Feerer did not even oppose.

40.  As of November 14, 2017, Green Light Corp. had no assets to satisfy the judgment that was awarded in the Green Light Case. Feerer's most valuable asset was the Lombard Street Condo, which he had millions of dollars of equity in.

41.  As alleged above, in January 2020, the Feerers transferred the Lombard Street Condo to the Brodskys. This transfer was constructively fraudulent because it was not made for reasonably equivalent value and because the Brodskys knew, or reasonably should have known, that Feerer/Green Light owed money to TMCO and that the Feerers transferred the property to prevent TMCO from foreclosing on the property to collect its judgment. Furthermore, at the time of the transfer, Feerer had no other assets and the transfer of the Lombard Street Condo rendered him insolvent.

42.  Moreover, at the time Feerer orchestrated the transaction, he was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction. Feerer also intended to incur, or believed or reasonably should have believed he would incur, debts beyond his ability to pay as they became due, thus rendering the transaction void as to future creditors.

43.  TMCO was damaged by the fraudulent transfer of the Lombard Street Condo from the Feerers to the Brodskys as it has been unable to foreclose on that property to satisfy the judgment it obtained in the Green Light Case.

44.  TMCO is entitled to an order avoiding the fraudulent transfer of the Lombard Street Condo from the Feerers to the Brodskys and is entitled to a lien on the property to preserve its interest in the property.

45.  TMCO is also entitled to injunctive relief and an attachment order to prevent the Brodskys from transferring the Lombard Street Property during this

action plus a reasonable amount of costs and attorneys' fees incurred to prosecute this action.

## THIRD CAUSE OF ACTION

### (Conspiracy to Defraud, against the Brodskys)

46. TMCO repeats and re-alleges the preceding paragraphs of this Complaint as though set forth fully herein.

47. As of November 11, 2020, the Brodskys knew that TMCO had a judgment against Green Light Corp. and knew that TMCO had filed a motion to add Feerer as a judgment debtor based on the alter ego doctrine. The Brodskys also knew that once Feerer was added as a judgment debtor, TMCO would seek to foreclose on the Lombard Street Property and Feerer would not be able to use that property to repay Brodsky and Lincoln University the money he owed them.

48. On information and belief, the Brodskys conspired with Feerer to concoct a fake "sale" of the Lombard Street Condo to the Brodskys, with a closing date before the date the court added Feerer as a judgment debtor in the Green Light Case, to prevent TMCO from foreclosing on the Lombard Street Condo to satisfy its judgment. The "sale" was not a genuine, arms-length transaction, as evidenced by the fact that the Brodskys, who had already loaned Feerer more than $1 million, had to "buy" the property, taking out a $1.54 million loan to do so. The only purpose of that loan was to inflate the "sale" price of the property so it looked legitimate.

49. The Brodskys knew that the fake "sale" of the Lombard Street Condo was structured in a way to defraud TMCO and they agreed with and encouraged that strategy. In so doing, they unlawfully conspired with Feerer to defraud TMCO and prevent it from recovering its judgment from the Green Light Case.

50. TMCO was damaged by the Brodskys' actions, as it has been unable to foreclose on the Lombard Street Condo or collect against any other assets to satisfy its judgment. The Brodskys' actions were an actual and substantial cause of that harm.

51. As a result of the Brodskys' unlawful actions, TMCO has suffered damages in an amount to be proven at trial but which exceeds $75,000. These damages include, but are not limited to, the loss in value of the Lombard Street Condo due to the delay in TMCO being able to foreclose on that property to satisfy its judgment.

52. The Brodskys acted with fraud, oppression or malice in engaging in the wrongful actions alleged above and thus are also liable for punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

**(Declaratory and Injunctive Relief, against Lincoln University)**

53. TMCO repeats and re-alleges the preceding paragraphs of this Complaint as though set forth fully herein.

54. In January 2020, the Feerers transferred the Lombard Street Condo to the Brodskys. As alleged above, this transfer was actually and constructively fraudulent and the result of a conspiracy between Feerer and the Brodskys to repay the Brodskys and Lincoln University the money they loaned to Feerer and to prevent TMCO from recovering any of the money Feerer owed it.

55. As a non-profit entity governed by a Board of Trustees, Lincoln could not engage directly in this conspiracy. But it benefitted from it, as Feerer and Brodsky used the proceeds from the sale of the Lombard Street Condo to repay, in full, the money Lincoln had loaned to Feerer.

56. TMCO contends that it is inequitable and unjust for Lincoln to keep these funds while a senior creditor like TMCO has been prevented from recovering anything as a result of the fraudulent actions and conspiracy alleged above.

57. On information and belief, Lincoln contends that it is not unjust for it to keep the proceeds it received from the fraudulent Lombard Street Condo transaction.

58. TMCO desires a judicial declaration that it is inequitable and unjust for Lincoln to keep these funds while a senior creditor like TMCO has been prevented

from recovering anything as a result of the fraudulent actions and conspiracy alleged above.

59. Under 28 U.S.C. § 2201, a judicial determination of these issues is necessary and appropriate because such a declaration will clarify the parties' rights and obligations, permit them to have certainty regarding those rights and potential liability, and avoid a multiplicity of actions.

60. TMCO is also entitled to an order disgorging some or all of the proceeds Lincoln received from the fraudulent transfer of the Lombard Street Condo and a constructive trust to secure the disgorgement of those funds.

## **PRAYER FOR RELIEF**

Wherefore, TMCO prays for relief as follows:

1. For an order avoiding the transfer of the Lombard Street Condo from the Feerers to the Brodskys;

2. For preliminary and permanent injunctive relief as authorized by law;

3. For a prejudgment writ of attachment as authorized by law;

4. For a judicial declaration that it is inequitable for Lincoln to keep the proceeds it received from the fraudulent Lombard Street Condo transaction and an order disgorging the proceeds Lincoln received from that transaction;

5. For compensatory damages exceeding $75,000, to be proven at trial;

6. For prejudgment interest, costs, attorneys' fees as authorized by law; and

7. For such other relief that the Court determines is just and proper.

DATED: December 22, 2020        MUSICK, PEELER & GARRETT LLP

By: _____
Scott J. Street
Attorneys for Plaintiff
TMCO, Ltd.

## JURY TRIAL DEMAND

Plaintiff TMCO, Ltd., requests a trial by jury on all claims for which it is available.

DATED: December 22, 2020        MUSICK, PEELER & GARRETT LLP

By: _____
Scott J. Street
Attorneys for Plaintiff
TMCO, Ltd.